IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
OF JONES COUNTY, MISSISSIPPI

BARBARA C. HILTON                                                    PLAINTIFF

V.                                                NO. 2021-02-CVI

DELTA AIR LINES, INC.                                               DEFENDANTS
AND DEFENDANTS A-E

## COMPLAINT
## JURY TRIAL REQUESTED

Plaintiff, Barbara C. Hilton, files this her Complaint against the Defendants, Delta Air

Lines, Inc., and Defendants A-E, and in support thereof would show unto the Court the

following:

### PARTIES

1.      Plaintiff, Barbara C. Hilton, is an adult resident citizen of Jones County,

Mississippi, whose address is 2007 North Sixth Avenue, Laurel, Mississippi 39441.

2.      Defendant, Delta Air Lines, Inc., is a corporation organized and existing under

virtue of law of a state other than the state of Mississippi, whose principal place of business is

located at Hartsfield-Jackson International Airport in Atlanta, Georgia. Defendant, Delta Air

Lines, Inc., operates flights throughout the United States, including daily regular flights over,

into, and out of Mississippi, including, but not limited to, Jackson-Medgar Wiley Evers

International Airport; Gulfport-Biloxi International Airport, Jackson, Mississippi; and the

Hattiesburg-Laurel Regional Airport in Hattiesburg, Mississippi. Defendant, Delta Air Lines,

Inc., may be served with process by serving its registered agent for service of process

Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.



3.      Defendants A-B are the individuals, who are the captain and the co-pilot of the flight in question, whose names and addresses are unknown, but are believed to be residents of the State of Mississippi and who are liable to the Plaintiff for the injuries she sustained in the incident in question. The Plaintiff will amend her Complaint and include the real names and addresses of Defendants A-B, once their identities are learned and once their liabilities are ascertained. Defendant A is the captain/pilot in command of the aircraft and Defendant B is the co-pilot of the aircraft and both of which are responsible for all activities for the flight in question, including, but not limited to, the responsibility for safe landings and/or landings at reasonable forces on touch down. Defendant A is also responsible for ensuring that the flight attendants professionally and legally perform their duties and responsibilities. Defendants C-E are the flight attendants, whose names are unknown, but Plaintiff will substitute their real names once these names are known. Defendants C-E and Defendants A-B were responsible for ensuring that the passengers on the aircraft were fully buckled in their seats before the aircraft took off from Atlanta, Georgia, and fully bucked in their seats before landing in New Orleans, Louisiana.

### COUNT I

4.      Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

5.      On or about January 14, 2020, Delta Air Lines, Defendant A, and Defendant B were engaged in commercial airline transportation and in the business of transporting passengers for hire. Delta Air Lines, Defendant A, and Defendant B owned, operated, piloted, maintained, and equipped a certain Delta aircraft, which operated as Delta flight No. 863 on a flight from Atlanta, Georgia, to New Orleans, Louisiana.

2

6.      Plaintiff, Barbara C. Hilton, purchased her Delta ticket from her home in Laurel,

Mississippi, and entered into a contract with Delta Air Lines in Laurel, Jones County,

Mississippi, for Delta Air Lines to transport Barbara C. Hilton from New Orleans, Louisiana, to

Indianapolis, Indiana, by way of Atlanta, Georgia, and then a return trip on January 13, 2020.

Delta Air Lines advertised and warranted to Barbara C. Hilton that it offered flights that were

safe and not unreasonably dangerous; that the Delta pilots were highly-qualified professionals;

and pilots who were expected to land the Delta aircraft at reasonable forces. Plaintiff, Barbara C.

Hilton, while at her home in the Second District of Jones County, Mississippi, contracted with

Delta Air Lines to safely transport her from New Orleans, Louisiana, to Indianapolis, Indiana, by

way of Atlanta, Georgia, and a return flight on January 13, 2020.  Delta contracted and agreed

with Barbara C. Hilton to perform its contract of safe airline transportation operation in a

workman-like manner. The contract was finalized in the Second District of Jones County,

Mississippi, when Delta Air Lines accepted payment from Barbara C. Hilton at her home in

Jones County and when Delta Air Lines provided an airline ticket to her at her home address in

Laurel, Mississippi.

7.      Delta Air Lines breached its contract with the Plaintiff by failing to fly the

Plaintiff safely from Atlanta, Georgia, to New Orleans, Louisiana, and breached its contract with

the Plaintiff by failing to perform the contract with the Plaintiff in a workman-like manner and

failed to enforce FAA regulations and rules that were promulgated for the safety of Barbara C.

Hilton and other airline passengers.

8.      On or about January 13 and 14, 2020, the captain (Defendant A); the co-pilot,

(Defendant B); the crew; and the cabin flight attendants (Defendants C-E) of the Delta Air Lines

3

flight were in the course and scope of their employment with Delta Air Lines, and Delta Air

Lines was responsible for the incident in question and for failure to safely transport Barbara C.

Hilton, a passenger aboard Delta flight No. 863, from Atlanta, Georgia, to New Orleans,

Louisiana. Delta Air Lines was responsible for all of the negligent acts and omissions of the

captain (Defendant A), the co-pilot (Defendant B), the crew members, and the flight attendants

(Defendants C-E), who were involved with and/or responsible for operating, piloting, and

landing the aircraft in a safe manner on January 14, 2020; maintaining the aircraft in an airworthy

condition; training the aircraft pilots; and ensuring that Delta Air Lines and the Defendants C-E

were responsible for making sure the Delta Air Lines passengers were belted for takeoff and

landing; ensuring that the Delta Air Lines aircraft landings were made in a safe manner with

minimum force; and ensuring that the Delta passengers followed and abided by all Delta Air

Lines' rules and regulations  and FAA regulations, including, but not limited to, the rules and

laws requiring that all passengers were safely buckled in their seats, both for takeoff from

Atlanta, Georgia, and landing in New Orleans, Louisiana.

        9.     At all relevant times, Delta Air Lines, Defendant A, Defendant B, and Defendants

C-E were engaged in commercial air transportation and owed passengers, including Barbara C.

Hilton, the highest degree of care in operating the aircraft; piloting the aircraft; maintaining the

aircraft; servicing the aircraft; training pilots to safely fly the aircraft; making sure all passengers

are belted on takeoff and landings; operating the aircraft in question in a safe manner; and safely

landing the aircraft in New Orleans, Louisiana.

        10.    On the occasion in question, Delta Air Lines operated Delta flight No. 2281 and

Barbara C. Hilton began her trip by driving her automobile to New Orleans, Louisiana, where she

boarded the Delta flight in New Orleans, Louisiana, bound for Indianapolis, Indiana. Barbara C. Hilton also boarded Delta flight No. 863 in Indianapolis, Indiana, on her return trip to New Orleans, Louisiana, by way of Atlanta, Georgia. Barbara C. Hilton was a fare-paying passenger on Delta flight No. 863, in as such, Delta Air Lines, Defendant A, Defendant B, and Defendants C-E owed Barbara C. Hilton the highest degree of care.

11.     On January 13, 2020, Delta Air Lines, Defendant A, and Defendant B flew the aircraft from Indianapolis, Indiana, to Atlanta, Georgia, where the flight was delayed, once it arrived in Atlanta, for several hours on the evening of January 13, 2020, and subsequently, Delta flight No. 863 to New Orleans, Louisiana was canceled. The Delta flight was rescheduled for early the next morning (January 14, 2020). Barbara C. Hilton, because of the flight delays on January 13, 2020, was already exhausted and was forced to spend the night with relatives in Atlanta. Barbara C. Hilton woke up early on January 14, 2020 to make her early-morning flight to New Orleans. Barbara C. Hilton timely arrived at her gate for her flight on the early morning of January 14, 2020, and boarded the aircraft, but the Delta Air Lines flight to New Orleans was delayed another three hours. Barbara C. Hilton had very little rest or sleep the previous evening, and once she boarded the flight to New Orleans, Delta Air Lines announced that the flight would again be delayed another hour. Barbara C. Hilton laid down on all three seats in her row (the seats next to her were vacant) and went to sleep. Defendants, Delta Air Lines, Defendant A, Defendant B, and Defendants C-E (cabin crew) failed to awaken Barbara C. Hilton from sleep, and she slept with her seatbelt unfastened throughout the takeoff, throughout the entire flight, and until she was awakened by the hard landing at Louis Armstrong New Orleans International Airport.

12.     On the occasion in question, Delta Air Lines, Defendant A (the captain) and Defendant B (the co-pilot) flew the Delta Air Lines flight negligently, carelessly, and recklessly by causing the aircraft to land so hard that Barbara C. Hilton felt the jolt, and it caused Barbara C. Hilton substantial pain, injuries, and damages. Delta Air Lines, Defendant A, Defendant B, and Defendants C-E were negligent, careless, and reckless by failing to awaken Barbara C. Hilton and failing to require that Barbara C. Hilton fasten her seatbelt, both for the flight takeoff and the landing. The Defendants were negligent, careless, and reckless by causing the landing to be so hard that the Plaintiff (still unbelted) sustained serious injuries and damages.

13.     Barbara C. Hilton was treated the same day at an emergency room in New Orleans, and she was subsequently treated for her cervical spine injury on a number of occasions by various physicians. Barbara C. Hilton was finally referred to Dr. David Lee, who also treated her conservatively on a number of occasions, but conservative treatment was proven to be ineffective. Dr. Lee diagnosed Barbara C. Hilton with a severe cervical spine sprain (which, as aforesaid, was treated conservatively with professional therapy and injections), and he subsequently recommended surgery.

14.     On the occasion in question, Delta Air Lines was the owner of the aircraft; the operator of the aircraft; entity responsible for the pilot and co-pilot negligently landing the aircraft; the entity responsible for Defendants C-E's (flight attendants) negligent failure to make sure Barbara C. Hilton was buckled in her seat before the aircraft landed in New Orleans, Louisiana; the entity responsible for the safe operation of the aircraft; and the entity responsible for the safety of the passengers on board the aircraft. Delta Air Lines, its pilot, and co-pilot were negligent by carelessly and recklessly allowing the aircraft to make a hard landing. Delta Air

6

Lines and Defendants C-E were negligent for allowing Barbara C. Hilton to remain sleeping and unbelted for the landing in New Orleans, Louisiana.

15.    The Plaintiff, Barbara C. Hilton, sustained substantial injuries and damages, proximately caused by the breach of contract by Delta Air Lines and by negligence of Delta Air Lines, Defendant A (captain), Defendant B (co-pilot), and Defendants C-E (flight attendants), and as a result thereof, Plaintiff, Barbara C. Hilton has suffered actual damages in the sum of $995,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of and from Delta Air Lines; Defendant A; Defendant B; and Defendants C-E for Plaintiff's actual damages in the sum of $995,000.00 and punitive damages in an amount to punish the Defendants and deter them from such carelessness and careless conduct in the future; plus prejudgment interest; post judgment interest; and all costs.

COUNT II

16.    Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

17.    Delta Air Lines breached the express and implied warranties, and as result thereof Barbara C. Hilton suffered actual damages in the amount of $995,000.00.

WHEREFORE, PREMISES CONSIDERED,  Plaintiff demands judgment of and from the Delta Defendants, jointly and severally, for actual damages in the sum of $995,000.00 and punitive damages in an amount to punish the Defendants and deter them from such carelessness and careless conduct in the future; plus prejudgment interest; post judgment interest; and all costs.

7

## COUNT III

18.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

19.     The Delta Defendants, at all relevant times, were in the business of owning, operating, piloting, and performing flight-attendant duties for Delta aircraft including, but not limited to, Delta flight No. 863 operating on January 14, 2020.

20.     On the occasion in question, Delta flight No. 863 was not reasonably safe for its intended purposes and uses and was unreasonably dangerous for a period without warning to its users and consumers, including, but not limited to, Barbara C. Hilton on board the aircraft on the date in question.

21.     Plaintiff, Barbara C. Hilton, was unaware of the unreasonably dangerous condition of Delta flight No. 863, and the Delta Defendants were negligent in failing to warn Barbara C. Hilton of the unreasonably dangerous condition. The Delta Defendants were negligent and were strictly liable in tort to the Plaintiff, Barbara C. Hilton, for actual damages in the amount of $995,000.00.

WHEREFORE, PREMISES CONSIDERED,  Plaintiff demands judgment of and from the Delta Defendants, jointly and severally, for actual damages in the sum of $950,000.00, punitive damages in an amount sufficient to punish the Defendants and deter them from such careless and careless conduct in the future; plus prejudgment interest; post judgment interest; and all costs.

## COUNT IV

22.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

23.     Delta Air Lines contracted with the Plaintiff, Barbara C. Hilton, to provide her with safe, uneventful travel from New Orleans, Louisiana, to Indianapolis, Indiana, by way of Atlanta, Georgia, and return her to New Orleans, Louisiana, from Indianapolis, Indiana, so that she could safely return to her home in Jones County, Mississippi.

24.     On the occasion in question, Delta Air Lines breached its contract and agreements with the Plaintiff, Barbara C. Hilton, by performing its duties in an unworkman-like and unsafe manner.

25.     Plaintiff, Barbara C. Hilton, performed all terms of the contract to be performed by her. But, the contract was breached by the Delta Defendants, and as a result, the Plaintiff sustained damage in the amount of $995,000.00.

WHEREFORE, PREMISES CONSIDERED,  Plaintiff demands judgment of and from the Delta Defendants jointly and severally for actual damages in the sum of $995,000.00, punitive damages in an amount sufficient to punish the Defendants for such conduct; plus prejudgment interest; post judgment interest; and all costs.

## COUNT V

26.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

9

27.    Delta Air Lines, Defendant A (the captain), Defendant B (co-pilot), and Defendants C-E (flight attendants) were in complete control of the aircraft; piloting the aircraft; performing flight-attendant duties such as ensuring that Barbara C. Hilton was awake, sitting upright, and belted in her seat for the landing of Delta flight No. 863 on January 14, 2020, when an incident occurred, causing the Plaintiff, Barbara C. Hilton, severe and painful injuries. The incident which occurred on or about January 14, 2020, does not and should not occur in the absence of negligence, and as a result thereof, the Defendants, who had complete control of the operation of the aircraft, the landing of the aircraft, the piloting of the aircraft, flying the aircraft, ensuring that passengers were buckled in their seats, both at takeoff and landing, and servicing the aircraft, are liable pursuant to *res ipsa locquitur*.

28.    Plaintiff, Barbara C. Hilton, as a result of the negligence of the Delta Defendants under *res ipsa locquitur*, is entitled to her damages in the sum of $995,000.00.

WHEREFORE, PREMISES CONSIDERED,  Plaintiff demands judgment of and from the Delta Defendants, jointly and severally, for actual damages in the sum of $995,000.00, punitive damages in an amount sufficient to punish the Defendants for such conduct; plus prejudgment interest; post judgment interest; and all costs.

Respectfully submitted, this the  6  day of  January , 2021.

PLAINTIFF

By: _Wayne E. Ferrell, Jr._
WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.

10

Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

11